UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. HUGHES,                           :
                                             :
           Plaintiff                         :
                                             :
      v.                                     :   CIVIL NO. 3:CV-00-17
                                             :
JOSEPH W. CHESNEY, ET AL.,                   :   (Judge Kosik)
                                             :
           Defendants                        :

**MEMORANDUM and ORDER**

**Background**

This civil rights action pursuant to 42 U.S.C. § 1983 was originally filed by Gregory

Lamont Hughes in the Eastern District of Pennsylvania on October 27, 1999.  The matter was

transferred here by Order of the Eastern District on November 29, 1999, and the case file

received in this court on January 4, 2000.  (Doc. 1.)  The matter proceeds on an amended

complaint which consists of the original complaint (Doc. 1, Attach. 6) and the amended

complaint filed on May 23, 2000 (Doc. 16).  Named as defendants in the original complaint are

the following current or former employees at the State Correctional Institution at Frackville (SCI-

Frackville), Pennsylvania, Hughes' former place of confinement: Joseph W. Chesney,

Superintendent; Linda J. Nauroth, Health Care Administrator; Lieutenant Derfler, R.H.U.; Dr.

O'Connor; Correctional Officers Sorber, Waters, and Sergeants D. Brown, Avezarro and

Heidelbaugh; Deputy Superintendents Robert S. Shannon, Bruce K. Smith and J.A. Searfoss; and Kevin Kane, Hearing Examiner.  Added as new defendants in the amended complaint are Deputy Superintendent J. Kerestes; Mr. Lasota, Business Manager; and Mr. Pegerski, Mailroom Officer.

The claims raised by Hughes in the standing complaint (Docs. 1, 16) consist of the following allegations: (1) deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment with regard to his Hepatitis-C condition; (2) violation of due process by holding plaintiff in restrictive custody for 117 days; (3) retaliation against plaintiff for filing grievances by disciplining him for 117 days based on false misconduct reports, denying him access to the courts, and harassing him with racially discriminatory remarks; (4) denial of access to the courts; and (5) violation of his First Amendment right to religious freedom by the medical staff and prison personnel by forcing him to take a tuberculosis test that contained a pork-derivative.  He seeks injunctive, compensatory and punitive relief.

On September 27, 2001, the court conducted a preliminary screening of the new complaint as amended, and also considered a motion to dismiss filed by the defendants.[1]  All

---

[1]  Prior to the time plaintiff filed the amended complaint, an order had been issued on March 14, 2000, directing service of the original complaint (Doc. 1) by the United States Marshal on all defendants named therein.  From the docket it appears that due to an oversight on the part of the United States Marshal Service, process only issued at that time with respect to defendants Chesney, Derfler and Nauroth. While plaintiff had attached a handwritten sheet to his original complaint listing additional defendants in this action (Doc. 1. Attach. 6 at unnumbered p. 1A), it does not appear that these individuals were ever picked up as defendants in this action.  As such, the original complaint was never served on these additional defendants.  These same defendants were never served with a copy of the amended complaint because all but the medical claims were dismissed sua sponte as unexhausted and therefore

claims except the Eighth Amendment failure to provide adequate medical care for plaintiff's

Hepatitis C condition were dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust

administrative remedies, and the motion to dismiss was granted in part and denied in part.

Specifically, the court found that because plaintiff had failed to exhaust his remedies with

regard to all claims except his medical care claims, those claims were subject to a sua sponte

dismissal without prejudice.  As such, defendants' motion to dismiss then became moot with

regard to all claims except the medical claims.  With regard to the medical claims, as set forth

against defendants Chesney, Nauroth and Derfler, the court granted in part and denied in part

the motion to dismiss.  The motion was granted with respect to the claims alleged against

defendants Chesney and Derfler.  The motion was denied with regard to the claims against

Nauroth.  Defendant O'Connor had not yet been served with the complaint at this time.  The

Eighth Amendment claims against Nauroth and O'Connor were ordered to proceed.  Nauroth

was directed to file an answer and service of the complaint was directed on O'Connor.

Subsequent thereto, separate summary judgment motions filed by both parties were ultimately

granted, and the case closed on March 31, 2003 (Doc. 145).

Following plaintiff's appeal, the Third Circuit Court of Appeals issued an opinion on

November 21, 2003, concluding that this court acted prematurely in dismissing sua sponte for

---

service of the amended complaint was only directed as to defendant O'Connor.  Only
defendants Chesney, Nauroth, Derfler and O'Connor remained in the action after the court's
order of September 27, 2001.  All of the other defendants named in this action were dismissed
pursuant to the court's finding that plaintiff failed to exhaust his administrative remedies with
regard to all claims with the exception of the medical claims set forth against Chesney,
Nauroth, Derfler and O'Connor.

non-exhaustion Hughes' retaliation, denial of access to the courts, and freedom of religion

claims in light of the defendants' failure to raise non-exhaustion as an affirmative defense in

their Rule 12(b)(6) motion.[2] (Doc. 160.)  As such, the retaliation, denial of access to the courts

and freedom of religion claims were remanded for further proceedings. The Third Circuit

however, affirmed this court as to Hughes' Eighth Amendment medical claims, and affirmed the

dismissal with prejudice of Hughes' claim that his placement in disciplinary custody for 117

days violated his due process rights.

Accordingly, following receipt of the Third Circuit's mandate, this court issued an Order

directing the United States Marshal to serve the standing complaint (Docs. 1, 16) on the

defendants named therein who had not yet been served with the complaint in this matter (all but

Chesney, Derfler, Nauroth and O'Connor). (Doc. 162.)  The court further directed the Marshal's

attention to the handwritten sheet of paper plaintiff attaches to his original complaint (Doc. 1,

Attachment 6, at unnumbered page 1A) which lists additional defendants in this action who

must be served with Documents 1 and 16.[3]  In addition, the United States Marshal was advised

that the defendants named in the amended complaint which serves as part of the standing

---

[2] The Third Circuit did acknowledge, however, that the cases of Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that exhaustion requirement in 1997e(a) is an affirmative defense that may be waived or forfeited) and Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003)(holding that the failure to exhaust is not a permissible basis for sua sponte dismissal) were decided after we issued our opinion dismissing the claims sua sponte as unexhausted.

[3] The list of additional defendants is inserted between pages 1 and 2 of the original complaint (Doc. 6).  Sine this page is unnumbered, the court has been referring to it as page "1A".

complaint in this action (Doc. 16) must also be served.  The court also directed that the four

defendants who have already been served with the standing complaint in this matter, were to

respond to the allegations remaining in this action within twenty (20) days.[4]

In response to the court's order, Defendant O'Connor has filed an answer to the

amended complaint and a motion for summary judgment in this matter.  Plaintiff's opposition to

the motion is long overdue.  As such, he will be directed to file his opposing brief, statement of

material facts and evidentiary materials within twenty (20) days or risk the motion being

deemed unopposed and addressed by the court on the merits.  All of the remaining defendants

upon whom service was directed following remand of this action have failed to respond to the

amended complaint.  Plaintiff presently has pending a Request for Entry of Default in this

matter.  (Doc. 168.)  This request will be granted to the extent that all of the defendants in this

action, with the exception of Defendant O'Connor, will be directed to show cause within fifteen

(15) days why they have not filed a response to the amended complaint in this action in

accordance with the court's order of August 13, 2004, directing service upon them.

---

[4] The Eighth Amendment claims against defendants Chesney and Derfler have been dismissed on the merits and summary judgment granted in favor of defendants Nauroth and O'Connor on the medical claims as well.  However, and without passing judgment as to the merits of any of the remaining claims, Hughes does allege in the complaint that "[t]he medical staff and personnel violated my first amendment religious freedom by enforcing a tuberculosis test . . . ." (Doc. 1, Attach. 6).  As such, it would appear based upon the Third Circuit's Order that the medical defendants remain in this action with regard to any of remanded non-medical claims asserted against them.

**ACCORDINGLY, THIS 25th DAY OF APRIL, IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Within twenty (20) days of the date of this Order, plaintiff shall file his brief, statement of material facts, and evidentiary materials in opposition to the summary judgment motion filed by Defendant O'Connor.  The failure to do so will result in the motion being deemed unopposed and addressed on the merits.

2.  Plaintiff's request for a default judgment in this case (Doc. 168) is granted to the extent that within fifteen (15) days from the date of this Order, all defendants with the exception of Defendant O'Connor, shall show cause why they have failed to respond to the amended complaint in this action in accordance with the above Memorandum.


                                          s/Edwin M. Kosik
                                          United States District Judge



EMK:lq

6