UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY LAMONT HUGHES,                :
                                      :
       Plaintiff                      :
                                      :
   v.                                 :  CIVIL NO. 3:CV-00-17
                                      :
JOSEPH W. CHESNEY, ET AL.,             :  (Judge Kosik)
                                      :
       Defendants                     :

**M E M O R A N D U M**

I. **INTRODUCTION**

     This civil rights action filed by Gregory L. Hughes pursuant to 42 U.S.C. § 1983 was originally transferred to this court from the Eastern District of Pennsylvania on October 27, 1999, and received here on January 4, 2000.  It presently proceeds on an amended complaint which consists of the original complaint (Doc. 1, Attach. 6) and an amended complaint filed on May 23, 2000.  (Doc. 16.)  Named as defendants in the original complaint are numerous current and former employees at the State Correctional Institution at Frackville (SCI-Frackville), Pennsylvania, plaintiff's former place of confinement.  A review of the lengthy docket sheet in this case reveals a tortured procedural history.  The court will not undertake a recitation of the complete history as all parties are intimately familiar with the current procedural posture.  Presently pending is a motion for summary judgment filed by one of the defendants in this case, Dr. O'Connor.  (Doc. 172.)  A brief and evidentiary materials in support of the motion

have been submitted by O'Connor.  Despite the grant of several enlargements of time and warnings to plaintiff that the failure to oppose the motion would result in the motion being deemed unopposed and addressed on the merits, plaintiff has failed to file his opposing brief, statement of material facts and evidentiary materials.  For the reasons that follow, the motion for summary judgment will be granted.

II.  **BACKGROUND**

Plaintiff raises the following claims in the standing complaint: (1) deliberate indifference to his medical needs in violation of the Eighth Amendment with regard to his Hepatitis-C condition; (2) violation of due process by holding plaintiff in restrictive custody for 117 days; (3) retaliation against plaintiff for filing grievances by disciplining him for 117 days based on false misconduct reports, denying him access to the courts, and harassing him with racially discriminatory remarks; (4) denial of access to the courts; and (5) violation of his First Amendment right to religious freedom by the medical staff and prison personnel by forcing him to take a tuberculosis test that contained a pork-derivative. Plaintiff seeks injunctive, compensatory and punitive relief.

Of the above claims, only the deliberate indifference to medical needs claim and the First Amendment claim pertain to Defendant O'Connor.  A summary judgment motion filed with regard to the Eighth Amendment medical claim by O'Connor was granted by this court on March 31, 2003 (Doc. 145).  This decision was affirmed by the Third Circuit Court of Appeals on November 21, 2003.  (Doc. 156.)   At issue before the court in the pending summary judgment motion is plaintiff's First Amendment claim as it pertains to Defendant O'Connor.

2

In moving for summary judgment, O'Connor advances two arguments - - failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), and in the alternative the entitlement to summary judgment on the merits of the case because no genuine issue of disputed material fact exists.  In support of his arguments, O'Connor submits exhibits which include his own sworn affidavit (Doc. 172, Ex. E), the sworn affidavit of Peter Damiter, Assistant to the Superintendent at SCI-Frackville (Id., Ex. F) and copies of other relevant documents including grievances, docket sheets and court orders previously issued in this action.  (Id., Exs. A-D.)

O'Connor argues that plaintiff has failed to exhaust his administrative remedies with regard to his First Amendment claim in that his grievance with regard to this issue was not filed until August 15, 2000, more than eight months after he filed the complaint in this action.  In support of this argument, defendant submits copies of the initial grievance filed by plaintiff on August 15, 2000, the appeals therefrom and the affidavit of Damiter, which addresses the grievance procedure and plaintiff's failure to properly exhaust.  (Doc. 172, Exs. D, F.)

Defendant further argues that even if the issues were properly exhausted, he is still entitled to summary judgment in that the undisputed record reveals that the tuberculosis test plaintiff received contained only synthetic substances and no pork or pork derivatives. (Doc. 172, Ex. E, O'Connor Aff. ¶ 3.)  Specifically, the Mantoux skin test used to test for tuberculosis, which was the test administered to plaintiff, is comprised entirely of synthetic materials.  (Id. at ¶¶ 2,3.)  Further, an ingredient list had been provided to plaintiff verifying the components of the tuberculosis test administered to him.  (Doc. 172, Ex. F, Damiter Aff. at ¶2.)

3

Despite the issuance of orders directing plaintiff to submit his opposition to O'Connor's motion, plaintiff has failed to submit any filings. The last enlargement of time was granted in this matter on August 17, 2005. (Doc. 195.) Plaintiff was permitted until September 7, 2005, to file his opposition. Prior to this time, he had been granted several enlargements of time and warned each time that his failure to oppose the motion would result in the motion being deemed unopposed and addressed by the court. The court is now at that juncture. The facts as previously set forth by Defendant O'Connor are deemed admitted.

### III.  Summary Judgment Standard

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. Forms, Inc. v. American Standard, Inc., 546 F. Supp. 314, 320 (E.D. Pa. 1982). Upon such a showing, the burden shifts to the nonmoving party. Id. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. <u>White v. Westinghouse Electric Company</u>, 862 F.2d 56, 59 (3d Ci4. 1988).  In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. <u>Id</u>. (citations omitted).

## IV.    **DISCUSSION**

Defendant first argues that plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); <u>see</u> <u>Booth v. Churner</u>, 532 U.S. 731 (2001).  Prisoners are required to exhaust their available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.  Further, the Third Circuit Court of Appeals has concluded that "it is beyond the power of this court...to excuse compliance with the exhaustion requirement." <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000).

Defendant has submitted documentary evidence in support of his motion which reveals that plaintiff never submitted a grievance with regard to the First Amendment issue until over eight months after he filed the complaint in this matter.  As such, it would appear he failed to comply with the exhaustion requirements and exhaust his claim prior to commencing suit in this case.  However, the submissions by O'Connor also reveal that the grievance was pursued following the initiation of this action through the required levels.  The grievance and appeals therefrom were not rejected as untimely by the prison officials, but rather addressed on the

5

merits. Because this may raise potential issues of waiver and estoppel by O'Connor from now pursuing the exhaustion defense, the court will not address the exhaustion argument, but rather proceed directly to the merits review of the First Amendment claim.

Plaintiff claims that his First Amendment right to practice religion was violated when Defendant administered to him a tuberculosis test which contained a pork derivative. He claims that the consumption of pork in any way violates his religious beliefs. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. Amend. I. In challenging prison regulations or practices which impinge on an inmate's constitutional rights, the regulation is valid if it is reasonably related to a legitimate penological interest. See Turner v. Safley, 482 U.S. 78 (1987). It is also well established that only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection. See Dehart v. Horn, 27 F.3d 47, 51 (3d Cir. 2000).

The court need not address these issues in depth in that even assuming plaintiff's faith does prohibit him from ingesting pork products and his faith is sincerely held, there is no disputed issue of fact as to whether the prison violated his beliefs. Defendant has submitted affidavits which establish that although plaintiff was given a tuberculosis test, the test did not contain any pork derivative. (Doc. 172, Exs. E, F.) Rather, plaintiff received a purely synthetic substance which contained no pork or pork derivatives. He was further provided with a list of the ingredients contained in the Mantoux test that he had been administered. Plaintiff comes forth with no evidentiary materials to contradict those submitted by Defendant. Accordingly,

summary judgment is warranted in favor of Defendant O'Connor with regard to this claim. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY LAMONT HUGHES,          :
                                :
    Plaintiff                   :
                                :
  v.                            :   CIVIL NO. 3:CV-00-17
                                :
JOSEPH W. CHESNEY, ET AL.,      :   (Judge Kosik)
                                :
    Defendants                  :

# O R D E R

**AND NOW, THIS 21st DAY OF SEPTEMBER, 2005,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED THAT** the motion for summary judgment filed by Defendant O'Connor (Doc. 172) is granted. The Clerk of Court is directed to enter judgment on behalf of O'Connor and against Plaintiff with regard to all claims set forth against him in the complaint. The action will proceed with regard to all other remaining defendants.

                                                 s/Edwin M. Kosik
                                                 United States District Judge