UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. HUGHES,                          :
                                            :
       Plaintiff                            :
                                            :
    v.                                       : CIVIL NO. 3:CV-00-17
                                            :
JOSEPH W. CHESNEY, et al.,                  : (Judge Kosik)
                                            :
       Defendants                           :

## MEMORANDUM AND ORDER

### Background

      This civil rights action filed by Gregory L. Hughes pursuant to 42 U.S.C. § 1983 was originally transferred to this court from the Eastern District of Pennsylvania on October 27, 1999, and received here on January 4, 2000. It proceeds on an amended complaint which names as defendants numerous current and former employees at the State Correctional Institution at Frackville, Pennsylvania. The case boasts a lengthy procedural history which has been set forth in numerous of the court's previous opinions. Plaintiff is no longer incarcerated. He completed his sentence on December 29, 2004, and is serving three (3) years of probation. In June of 2005, he contacted the court to provide his new address and request an enlargement of time within which to oppose a motion to dismiss and a motion for summary judgment which were pending at the time. Plaintiff's motion was granted on June 23, 2005 (Doc. 186). When

no opposition briefs were submitted, the court issued an Order on August 2, 2005 directing plaintiff to submit his documents in opposition to Defendant O'Connor's summary judgment motion within 10 days or risk the motion being deemed unopposed and addressed on the merits. (Doc. 190.) Plaintiff was further advised that he was to file his opposition to a pending motion to dismiss certain claims filed by the Corrections defendants within fifteen (15) days. He was warned that the failure to do so would result in the claims being dismissed pursuant to Federal Rule of Civil Procedure 41(b).

On August 15, 2005, plaintiff contacted the court to request an enlargement of time to file his opposition briefs. The motion was granted on August 17, 2005, giving plaintiff until September 7, 2005 to oppose the summary judgment motion, and until October 5, 2005 to oppose the motion to dismiss. (Doc. 195.) The plaintiff has had no contact with the court since he filed the August 15, 2005 motion for enlargement of time. He never opposed the motion for summary judgment or the motion to dismiss, or sought a further enlargement of time within which to do so. On September 21, 2005, the motion for summary judgment was deemed unopposed, a merits review conducted and the motion granted. (Doc. 197.) On October 26, 2005, the motion to dismiss filed by the Corrections defendants was deemed unopposed and granted. Defendants were directed to file their response to the claims remaining in the action within fifteen days. The court further directed plaintiff to advise the court within ten (10) days as to whether he intended to continue litigating this action based upon his prior failure to oppose the defendants' motions and the appearance that he may have lost interest in pursuing this

matter. He was advised that his failure to notify the court could result in the dismissal of the remaining claims pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. (Doc. 199.) The relevant time period has passed and the court has received no contact from plaintiff. As such it appears that plaintiff no longer wishes to pursue this action.

**Discussion**

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules
> or any Order of Court, a defendant may move for dismissal of an
> action or of any claim against the defendant. Unless the court in its
> Order for dismissal otherwise specifies, a dismissal under this
> subdivision ... operates as an adjudication on the merits.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit Court of Appeals instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice in a case where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994). Based on the plaintiff's complete lack of action in this matter primarily since his release from

prison, an application of the Poulis factors weighs in favor of dismissal of the remaining claims in this action.

Plaintiff has failed to oppose defendants' motion for summary judgment and motion to dismiss despite warnings to do so. He has also failed to comply with this court's order of October 26, 2005, to notify the court as to his intention regarding the continued prosecution of this matter which the court deems a failure to prosecute and a failure to comply with a court order. As such, the remaining claims in his action will be dismissed, with prejudice. To force defendants to continue defending the remaining claims in this action under the present circumstances would be prejudicial to them, as well as a waste of this court's judicial resources.

**ACCORDINGLY, THIS 15th DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's failure to respond to the Order of October 26, 2005, is deemed a failure to prosecute this action, and a failure to comply with a court order.

2. In accordance with Fed. R. Civ. P. 41(b), the remaining claims in this action are dismissed, with prejudice.

3. Any and all pending motions are dismissed as moot.

4. The Clerk of Court is directed to close this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/Edwin M. Kosik  
United States District Judge